[Cite as *State v. Bradley*, 2022-Ohio-3352.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Sylvania            Court of Appeals No.  L-21-1143

    Appellee                                      Trial Court No.  TRC2000532

v.

Charles Bradley                                **DECISION AND JUDGMENT**

    Appellant                                    Decided:  September 23, 2022

* * * * *

Daniel C. Arnold, City of Sylvania Prosecuting Attorney, for appellee.

Anthony J. Richardson, II, for appellant.

* * * * *

**OSOWIK, J.**

## I.    Introduction

{¶ 1} In this appeal, appellant, Charles Bradley challenges the Sylvania Municipal Court decision denying appellant's motion to suppress evidence.  Appellant pled no

contest to the charge of operating a vehicle while intoxicated. Appellant also challenges the trial court's failure to consider his ability to pay fines.

## II. Facts and Procedural Background

{¶ 2} On January 29, 2020, around 11:55pm, Charles Bradley was driving on Airport highway. At the time, Deputy Matthew Johnson, an officer with the Lucas County Sheriff's Office, was patrolling with the OVI task force. Deputy Johnson observed a taupe colored trailblazer, crossing over and "straddling" the dotted line dividing two lanes of traffic, remaining there for an extended period of time. Deputy Johnson testified that he then began following the vehicle and turned his lights and siren on, after noticing the infraction on Airport Highway east of Albon road. He eventually pulled Bradley over into a parking lot near the intersection of Airport Highway and Roycraft at which time Bradley hit a curb and came to a stop.

{¶ 3} Officer Johnson approached Mr. Bradley at his driver's side window and had a conversation with appellant. After detecting the smell of cologne and slurred speech, the deputy told appellant to step out of the car and administered field sobriety tests. On the Horizontal Gaze Nystagmus test the appellant lacked smooth pursuit in his eyes and had a distinct nystagmus in both eyes. He had difficulty getting into position for the walk and turn test and needed to be reminded multiple times to follow directions. On the one leg stand test, Mr. Bradley put his leg down and used his arms for balance multiple times.

2.

{¶ 4} However, Mr. Bradley refused to submit to the Preliminary Breath Test. Based on the field sobriety test appellant was taken into custody and was asked to provide two breath samples, the lower of which was used to determine if there was an OVI violation. He blew a breath alcohol content of .124g/210L and .131g/210L, the lesser of the two samples was used to determine if there was an OVI violation.

{¶ 5} Appellant was then charged with operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(A) and (A)(1)(D) and a marked lane violation of R.C. 4511.33(A)(1). The appellant filed a motion to suppress on October, 14, 2020, claiming that the evidence against him was obtained in violation of the Fourth Amendment protection against unreasonable searches and seizures and that the officer's arrest of him was unreasonable because there were no specific and articulable facts that would lead a reasonable person to believe that appellant was committing a crime.

{¶ 6} The motion to suppress went to a hearing before a magistrate on October, 28, 2020. Deputy Johnson was the only witness to testify. At the hearing he also acknowledged that there was not dash cam footage of the arrest and the body cam footage did not record any of the driving infractions to supplement his testimony. Deputy Johnson claimed that it was reasonable to stop Bradley's vehicle because his car's placement over the line was more than merely merging lanes. He testified that Bradley's car remained straddled between two lanes for several seconds at two separate times. This was enough indication to make a stop and assess the situation according to Officer

3.

Johnson. He was not able to recall some more specific facts of the case such as whether appellant was traveling eastbound or westbound, the lane that Mr. Bradley was in, where exactly on Airport Highway did he first spot appellant, or the speed at which he traveled. The motion to suppress was filed ten months after the initial incident. Based on his observations that night, Deputy Johnson determined that there was probable cause to believe that appellant was violating a law and therefore was justified in stopping appellant and subjecting him to sobriety tests.

{¶ 7} On February, 23, 2021, this issue was decided by the magistrate who denied the motion to suppress. The magistrate concluded that the officer's testimony indicated that appellant was straddling the line between two lanes twice and that observation was enough for a reasonable person to believe that appellant was violating a traffic law, and that the officer was acting appropriately when performing the traffic stop. The magistrate's decision was affirmed by the trial court on August, 26, 2021.

{¶ 8} Appellant ultimately pled no contest to a violation of R.C. 4511.19(A)(1). Upon the appellant's plea to the OVI, the marked lanes violation was dismissed by the prosecution. The court found appellant guilty and he was sentenced to 30 days in jail, 150 days of probation a violation cost of $130.00, a fine of $850.00 for the OVI and a forfeiture of his vehicle. The vehicle however, had already been sold prior to sentencing. Appellant's attorney made a motion to stay, pending the appeal, which was granted. Appellant timely filed appeal from the judgment.

4.

### III.    Assignment of Error

**{¶ 9}** Appellant asserts two assignments of error for our review:

1. The court erred in denying the motion to suppress evidence.

2. The trial court erred in failing to make a finding regarding appellant's ability to pay fines at either his hearing or entry.

### IV.    Law and Analysis Standard of Review

**{¶ 10}** Appellate review of a motion to suppress presents a mixed question of law and fact.  When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.  *State v. Burnside*, 100 Ohio St. 3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.  The appellate court must accept the trial court's findings of fact if the facts are supported by competent, credible evidence.  *State v. Steed*, 2016-Ohio-8088, 75 N.E.3d 816, ¶ 11 (6th Dist.).  Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist.1997).

**{¶ 11}** Bradley argues that the trial court erred in denying his motion to suppress, claiming that the stop was unlawful and that Johnson's testimony was not credible.  The Fourth Amendment guarantees the right of the people to be secure in their persons,

5.

houses, papers, and effects, against unreasonable searches and seizures. Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of this provision. *Whren v. United States*, 517 U.S. 806, 809-10, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). However in certain circumstances the United States Supreme Court has interpreted the Fourth Amendment to permit police stops of motorists in order to investigate a reasonable suspicion of criminal activity. *Maumee v. Weisner*, 87 Ohio St.3d 295, 720 N.E.2d 507 (1999).

{¶ 12} When determining the reasonableness of a stop, this Court has previously held that the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563, 850 N.E.2d 698.

{¶ 13} In this case, the officer testified that he observed Bradley driving and crossing the dotted line separating the two lanes, in violation of R.C. 4511.33(A)(1). Appellant argues that the officer's narrative was inconsistent and therefore the credibility of this witness should be challenged. We are not persuaded. A review of the record indicates that there was sufficient evidence to convict appellant of the offense OVI, in violation of R.C. 4511.19(A)(1).

{¶ 14} Appellant's primary argument regarding the reasonableness of the traffic stop rests on this court's decision in *City of Maumee v. Stone*, 6th Dist. Lucas No. L-18-

1144, 2019-Ohio-3214. Bradley cites that this court focused on the inconsistent narrative set forth by the officers. In *Stone*, the officer testified that he witnessed Stone driving 35 mph in a 50 mph zone and pulled into a gas station. The officer testified that there was 60 seconds of footage before the camera was turned on, but prior to recording he had witnessed the appellant cross over the line between lanes. However, his testimony of the events that night were inconsistent with the police report and video evidence. The unreliable testimony was accompanied with lack of video evidence of the actual alleged violation.

{¶ 15} Here, Bradley contends that Johnson's testimony was not credible enough to justify the stop. He cites inconsistency in his narrative and a lack of video evidence to support his telling of events. Appellant notes the officer's failure to recall whether appellant was in the center lane or outer lane, failure to recall the weather conditions that night, failure to recall the approximate speed being traveled at the time, failure to recall the length of time it took the appellant's vehicle to come to a stop, and other such uncertainty regarding various peripheral details. There was a nine-month gap between the date of the arrest and the suppression hearing, in which the officer may have forgotten minor details, which occurred during the stop. Unlike the facts of *Stone*, there is no contrary evidence in this record that would dispute the officer's representation of the facts as he recalled them to have occurred.

7.

**{¶ 16}** We find no abuse of discretion by the trial court when it denied the appellant's motion to suppress and find appellant's first assignment of error not well-taken and is denied.

**{¶ 17}** Appellant's second and final assignment of error urges this court to reverse the trial court's assessment of a mandatory fine and court costs as it failed to make a finding of appellant's ability to pay.

**{¶ 18}** The decision to impose or waive a fine rests within the sound discretion of the court and will not be reversed on appeal absent an abuse of that discretion. *See State v. Kessler*, 6th Dist. Wood No. WD-08-055, 2009-Ohio-3918, ¶ 7, citing *State v. Kruse*, 6th Dist. No. Wood No. WD-05-001, 2006-Ohio-3179, ¶ 49.

**{¶ 19}** Appellant was convicted of violating R.C. 4511.19(A)(1). The sentencing statute for this violation is found at R.C. 4511.19(G)(1), which provides, in pertinent part:

> (c) * * * [A]n offender who, within six years of the offense, previously has been convicted of or pleaded guilty to two violations of division (A) or (B) of this section or other equivalent offenses, is guilty of a misdemeanor. The court shall sentence the offender to all of the following:
>
> * * *

8.

(iii) In all cases, notwithstanding the fines set forth in Chapter 2929. of the Revised Code, a fine of not less than eight hundred fifty and not more than two thousand seven hundred fifty dollars[.]

{¶ 20} This sentencing language is mandatory. The use of the word "shall" denotes that compliance is necessary. *City of Cleveland v. Tighe*, 8th Dist. Cuyahoga Nos. 81767 and 81795, 2003-Ohio-1845, ¶ 9;

{¶ 21} There is nothing in the Presentence Investigation Report that would demonstrate an inability to pay the mandatory fine and costs. Further, the available record does not indicate any objection at sentencing to the imposition of the fine or costs. Despite appellant's arguments, there is no requirement that the trial court make an affirmative finding that an offender is able to pay a mandatory fine. *State v. Lenhert*, 6th Dist. Wood No. WD-08-078, 2009-Ohio-5392, ¶ 10.

{¶ 22} Under the foregoing circumstances, the imposition of a fine and court costs upon Bradley for his conviction cannot be said to constitute an abuse of discretion. Consequently, his second assignment of error is overruled.

## V.     Conclusion

{¶ 23} The decision of the Sylvania Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.       _____

                   JUDGE

Thomas J. Osowik, J.


                  _____

Gene A. Zmuda, J.          JUDGE

CONCUR.


                  _____

                   JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.